**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Erick Rivera-Nazario,**<br><br>    Petitioner<br><br>    v.<br><br>**United States of America,**<br><br>    Respondent. | CIVIL NO. 16-1386 (PG)<br>Related Crim. No. 12-738 (PG) |

**OPINION AND ORDER**

Before the court is petitioner Erick Rivera-Nazario's ("petitioner" or "Rivera") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1), and the United States' (or the "government") opposition thereto (Docket No. 15). For the reasons explained below, the court **DENIES** petitioner's motion to vacate.

**I. Background**

On October 12, 2012, a grand jury returned a five-count indictment in Rivera's related criminal case. See Crim. No. 12-738 (PG) (hereinafter "Crim."), Crim. Docket No. 2. Modifying the first indictment and containing six counts naming Rivera, a second superseding indictment was filed on August 2, 2013. See Crim. Docket No. 116. **Count One** charged Rivera with willfully depriving Jose Luis Irizarry Perez ("Irizarry Perez") of the right secured by the Constitution to be free from unreasonable force when another police officer held him and Rivera physically struck him with a dangerous weapon, causing bodily injury, in violation of 18 U.S.C. §§ 242 and 2. **Count Two** and **Three** charged Rivera for failing to intervene when another police officer assaulted Irizarry Perez with a deadly weapon causing bodily injury, willfully depriving him of the right secured by the Constitution to be free from unreasonable force, in violation of 18 U.S.C. §§ 242 and 2. **Count Four** charged Rivera with knowingly making false entries in a document with the intent to impede, obstruct and influence an investigation related to Counts One and Two, in violation of 18 U.S.C. §1512 (b)(3). **Count Eleven** charged Rivera with knowingly making false statements to a Special Agent of the FBI, in violation of 18 U.S.C. §1001. **Count Fifteen** charged Rivera with making a false material declaration while under oath and before a grand jury, in violation of 18 U.S.C. §1623. See id.

On August 24, 2014, Rivera filed a motion for change of plea. The district court held the change of plea hearing on August 25, 2014 wherein Rivera entered a plea of guilty as to Count One of the Second Superseding Indictment. See Crim. Docket Nos. 285 and 403. The government filed the plea agreement pursuant to Rule 11(c)(1)(A) and (B) along with an attached account of facts that Rivera acknowledged to be true. See Crim. Docket No. 285 at p. 9. Rivera signed each page of the agreement and, in turn, Rivera's counsel signed a statement assuring that he had fully explained said agreement in Spanish to his client and that he understood Rivera was voluntarily and intelligently pleading guilty. Id.

According to the facts included in the agreement, on November 5, 2008, in Yauco, Puerto Rico, Rivera, then a Police of Puerto Rico officer, while acting under color of law, willfully deprived Irizarry Perez of his constitutional right to be free from unreasonable seizure. While another police officer restrained Irizarry Perez, Rivera struck and assaulted him with a police baton, resulting in bodily injury. Rivera agreed that during the incident, he swung his police baton into Irizarry Perez's upper body while he was injured, restrained and not posing a threat to anyone and as a result of this inflicted bodily injury. See Crim. Docket No. 285 at pp. 10-11.

On December 24, 2014, the Presentence Investigative Report (PSI) was disclosed to Rivera pursuant to Local Rule 132. See Crim. Docket No. 309. On January 15, 2015, Rivera's counsel moved to reschedule the sentencing hearing in order to meet with his client and review the PSI. See Crim. Docket No. 322. The district court held the sentencing meeting on March 6, 2015 and imposed a 96-month imprisonment sentence in relation to Count One, as recommended by the government in the plea agreement. See Crim. Docket Nos. 285 and 359.

On March 4, 2016, Rivera filed a timely motion to vacate his sentence. See Crim. Docket No. 407. In said petition, Rivera claims that his attorney was ineffective during the plea bargaining process as well as beyond that stage of his processing. See Docket Nos. 1 and 3. Additionally, Rivera raises a double jeopardy claim. Id. On August 4, 2016, enhanced his petition with a motion to amend and correct his prior motion.

## II. Standard of Review

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court

was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

　　　The Sixth Amendment guarantees that in all criminal prosecutions, the accused have a right to the assistance of counsel for their defense. U.S. Const. amend. VI. It has long been recognized that the right to counsel means the right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970)). Where, as here, a petitioner moves to vacate his sentence on an ineffective assistance of counsel basis, he must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland 466 U.S. at 686; see also Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (a petitioner seeking to vacate his sentence based on the ineffective assistance of counsel bears a very heavy burden). "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

　　　For petitioner's ineffective assistance of counsel claim to succeed, he must satisfy a two-part test. First, petitioner needs to show that "counsel's representation 'fell below an objective standard of reasonableness.'" Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (quoting Strickland, 466 U.S. at 688). Second, petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been more favorable to him. See United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013) (citing Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012)). Thus, petitioner must demonstrate both incompetence and prejudice. Failure to prove one element proves fatal for the other. See United States v. Caparotta, 676 F.3d 213, 219 (1st Cir. 2012). Nonetheless, the court "need not address both requirements if the evidence as to either is lacking." Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007). Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice…that course should be followed." Strickland, 466 U.S. at 697.

　　　"The Sixth Amendment right to effective assistance of counsel extends to the consideration of plea offers that lapse or are rejected." Frye, 132 S. Ct. at 1402. When the petitioner's challenge concerns a guilty plea, he must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v.

Lockhart, 474 U.S. 52, 58 (1985). That is to say, "[d]efendants must show that their decision to plead guilty were actually and materially influenced by their counsels' errors." Panzardi-Alvarez v. United States, 879 F.2d 975, 982 (1st Cir. 1989) (internal quotations omitted).

### III. Discussion

#### A. Ineffective Assistance of Counsel

Rivera's ineffective assistance of counsel claims make up four groups of allegations regarding counsel's failure to: 1) adequately assist him during the plea-bargaining stage; 2) investigate and obtain discovery from the government; 3) adequately assist him during the sentencing stage; and 4) counsel's failure to argue collateral estoppel. Alternatively, Rivera claims that the alleged errors made by counsel had a cumulative effect, which prejudiced his right to a fair trial. The court will address these claims below in turn.

**Plea Bargaining Stage**

Rivera claims that he received ineffective assistance of counsel because counsel did not ensure he had entered into a plea agreement knowingly and voluntarily. Rivera alleges that he did not understand counsel's advice regarding his plea agreement and did not understand the contents of the plea agreement itself. See Docket No. 1-1 at p. 11. Referring to a submitted sworn statement, he claims he understood he was pleading guilty to "hitting the father, but not the son [Irizarry Perez]." See id. at pp. 11, 34. In other words, Rivera claims to have confused the identity of the person he pleaded guilty to have assaulted in November 2008.

Rivera alleges only "informal, untrained and unvetted interpreters" assisted in attorney-client communication in all out-of-court interactions "even though counsel is a monolingual English speaker and Mr. Rivera-Nazario is a monolingual Spanish speaker." See Docket No. 1-1 at p. 11. Rivera further alleges that counsel never engaged a formally trained interpreted nor vetted the informal interpreters he used. See id. at pp. 11, 15. To sum things up, Rivera claims his inability to confer with counsel in the same language along with counsel's alleged failure to retain a certified translator led to miscommunication, which resulted in him mistakenly pleading guilty to having had assaulted Irizarry

Perez.[1] The court finds the record belies Rivera's allegations and renders them wholly incredible.

First off, Rivera acknowledged that he fully understood and voluntarily signed his plea agreement and that counsel explained it to him in Spanish. See Crim. Docket No. 285 at p. 9. His attorney also signed a statement acknowledging he had fully explained the agreement in Spanish to Rivera and that, to his knowledge, it was a voluntary and intelligent pleading. See id. The plea agreement, which also incorporated stipulations regarding the advisory guideline calculations for Count One, included a statement of facts that clearly names Jose Luis Irizarry Perez and, none other, as the victim of Rivera's actions. See id. at pp. 10-11.

At the change of plea hearing, an official court interpreter assisted Rivera throughout its entirety. See Crim. Docket No. 403. Pertinent to the voluntariness and intelligence behind the agreement, during the change of plea hearing Rivera admitted that he had: not taken any drugs that day, understood Count One and what he was being charged with, received effective legal assistance from counsel and had enough time to consult with counsel before the hearing. See id. at pp. 2-3.

On January 15, 2015, counsel moved to reschedule Rivera's sentencing hearing in order to meet with him again. See Crim. Docket No. 322. Counsel stated he had already met with Rivera to discuss the PSI report the day prior to filing the motion. Id. The court granted the motion and held Rivera's sentencing hearing on March 5, 2015, wherein he reiterated having understood the claims against him. See Crim. Docket No. 404.

Rivera's statements at the sentencing hearing further demonstrate that he had clear understanding of his case and knew he was being charged for assaulting Irizarry Perez. Showing there was no confusion regarding the identity of the person Rivera pleaded guilty to have assaulted, he addresses the victim as "the young man." See Crim. Docket No. 404 at p. 8. Rivera was also clearly remorseful, leading the court to believe he was conscious of the illegal acts to which he pleaded guilty.

Now, Rivera reasons the court should disregard his admissions made in the plea and sentencing hearings because there was a language barrier that impeded communication with counsel. However, the fact that an official court interpreter

---

[1] Rivera attached to his motion a declaration made by Professor Luz M. Molina, a clinic professor at Loyola University New Orleans College of Law, and other moving papers in support of this contention.

assisted Rivera in both hearings makes it difficult for the court to give his claims any credence. Declarations made in open court carry a strong presumption of verity and subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal. See Blackledge v. Allison, 431 U.S. 63, 73 (1977). At this stage, however, the court finds Rivera has not offered any credible or valid reasons for it to disregard his statements in open court.

**Discovery and Investigation**

Rivera claims that counsel was ineffective for his failure to: 1) investigate the government's claims; and 2) obtain discovery and discuss it with him. Again, Rivera's previous admissions are contrary to what he now claims. See Crim. Docket 403 at p. 16. The fact remains that Rivera agreed with the evidence presented by counsel and acknowledged having discussed evidence that was in possession of the government. See id. The government has presented an exhibit sustaining their contention that the DNA and Serology Report performed on March 24, 2010 was included in discovery submitted to the defense. See Docket No. 15-1 at p. 2. The court finds that Rivera has not presented reason for it to believe his previous concessions are untrue.

Rivera further advances that counsel did not timely secure an investigator for his case and that it was counsel's duty to insist the investigator, once hired, visited Yauco. The record shows that counsel filed a motion requesting the appointment of a private investigator on August 1, 2014. In it, he states, "[c]ounsel does not ordinarily request the Court to appoint a Private Investigator until it becomes an absolute necessity, as in cases when the Defendant does in fact elect to proceed to trial. In the instant case, the Defendant has elected to proceed to trial." Crim. Docket No. 237. At odds with Rivera's contention that counsel failed to investigate the government's claims, counsel further clarified his request by stating, "it has become necessary to follow-up on some of the allegations made by the government's witnesses and investigate some of those allegations and develop defense witnesses by canvasing the relevant areas." Id.

Rivera, claiming that the investigator never visited the town, maintains it was counsel's duty to make sure the private investigator conducted an investigation in Yauco. However, Rivera has not how having secured the investigator earlier on or how the investigator's visits to Yauco would have benefited his defense. Rivera fails to expand on what further evidence would

have been uncovered but for counsel's alleged ineffectiveness that would have lead him not to plead guilty or prove his innocence. Here, the court must inevitably conclude that neither one of the Strickland prongs has been met with Rivera's conclusory and underdeveloped arguments.

**Sentencing**

The plea agreement secured by counsel limited the government's sentence recommendation to 96 months. See Crim. Docket No. 285. Counsel filed a memorandum requesting the court to be lenient with Rivera citing his desire to speak out against police brutality and dependent relatives. See Docket Nos. 351; 404 at pp. 4-7. Nonetheless, the court followed the government's recommendation pursuant to the plea agreement.

Rivera claims that counsel was not adequate in his presentation of mitigating evidence. See Docket No. 1-1 at p. 21. Nonetheless, given the nature of the case and Rivera's concessions in his plea agreement, the court finds he cannot prove that but for counsel's alleged errors, the result of the sentencing hearing would have been any different. This claim necessarily fails to meet either of the Strickland prongs.

**Collateral Estoppel**

In Rivera's motion to amend, filed on April 8, 2016, he claims counsel was ineffective for failing to raise a collateral estoppel defense. See Docket No. 3. Rivera states that before the filing of his criminal case, a local judge found no probable cause under Rule 6 of the Puerto Rico Rules of Criminal Procedure based on the same facts of November 5, 2008. See id at p. 1. Rivera claims that this is a legal finding that should have been addressed in properly advising Rivera of trial prospects in order for him to make a knowing and intelligent waiver of his right to jury trial. See id.

The government maintains that failure to find probable cause at a Puerto Rico state court does not bar federal charges from proceeding. See Docket No. 15 at p. 17. To this effect, the First Circuit has held that "[t]he doctrine of collateral estoppel does not prevent the federal government from relitigating issues resolved in a defendant's favor in a prior state court prosecution." Crooker v. United States, 620 F.2d 313, 314 (1st Cir. 1980). The government further advances that federal charges are not barred in this case specifically

because the Federal Government was not a party to the state court action. See Docket No. 15 at p. 17. The court agrees. The First Circuit has found that "it is fundamental that the party estopped from relitiga ting issues must have been a party to the initial litigation." Crooker, 620 F.2d at 313.

Rivera advances that a common element necessary for both his federal and state charges already "**may** have been decided in Rivera-Nazario's favor. . ." See Docket No. 3 at p. 2 (emphasis ours). It is thus evident that, Rivera bases his collateral estoppel argument on guesswork. Rivera fails to reference a specific state court determination regarding a factual issue that could constitute an essential element of one or more of his federal charges. Furthermore, Rivera has failed to prove or even specifically claim a factual element that was decided in his favor at state court. Therefore, even assuming *arguendo* that counsel was incompetent for not raising a collateral estoppel argument, Rivera has failed to prove that but for counsel's actions the result of the proceeding would have been more favorable to him. See Carrigan, 724 F.3d at 44.

Here, Rivera has failed to fully develop his collateral estoppel claim and will be deemed waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (alteration in original) (citation omitted) (holding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived," given that litigants are required to "spell out [their] arguments squarely and distinctly").

**Cumulative Effect**

Rivera claims that the alleged errors had a cumulative effect, which prejudiced his constitutional right to a fair trial. However, in view that the court has not found any constitutional errors, then nothing can accumulate to the level of a constitutional violation. See United States v. Flemmi, 402 F.3d 79, 95 (1st Cir. 2005) (finding that the defendant's final conviction was not tainted by cumulative error because most of his individual complaints were without merit and none resulted in prejudice).

**B.    Double Jeopardy**

On June 9, 2016, the Supreme Court held that the Commonwealth of Puerto Rico and the United States are not separate sovereigns for double jeopardy

purposes. See Puerto Rico v. Sanchez Valle, 136 S. Ct. 1863 (2016). Thus, the Supreme Court found that the Double Jeopardy Clause bars Puerto Rico and the federal government from successively prosecuting a single person for the same conduct under equivalent criminal laws.

Now, Rivera advances that the dismissal of local court charges should have barred the federal government from prosecuting him in federal court and therefore this court should vacate his sentence. Nonetheless, Rivera has built his argument on quicksand and it collapses under careful review.

The Supreme Court has established that double jeopardy attaches "when the jury is empaneled and sworn." Crist v. Bretz, 427 U.S. 28, 38 (1978). "The reason for holding that jeopardy attaches when the jury is empaneled and sworn lies in the need to protect the interest of an accused in retaining a chosen jury." Id. at 35. Here, a state court dismissed Rivera's charges because it failed to find probable cause for an arrest. See Docket No. 1-1 at p. 23. The state court dismissed Rivera's charges before he was put to trial before any trier of the facts. See Serfass v. United States, 420 U.S. 377, 388 (1975) (noting that the Supreme Court "has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is put to trial before the trier of the facts, whether the trier be a jury or a judge").

The Double Jeopardy Clause does not preclude Rivera's federal conviction and sentence. Double jeopardy simply did not attach in Rivera's case. A Rule 6 preliminary hearing has the purpose "to assess probabilities, not to determine guilt or innocence." See United States v. Rentas-Felix, 235 F. Supp. 3d 366, 379 (D.P.R. 2017) (citing Pueblo v. Rodríguez-Aponte, 116 D.P.R. 653, 663–664 (1985)). Therefore, Rivera was never in jeopardy of being convicted. Rivera's double jeopardy claim is thus meritless.

Alternatively, this court finds that Rivera has waived this claim. See Zannino, 895 F.2d at 17. Rivera has not supported his contention that the charges filed against him in state court proceedings constitute the 'same offense' for double jeopardy purposes. In Blockburger v. United States, 284 U.S. 299, 304 (1932), the Supreme Court established that two charges are not the same offense when the statutory provision of an offense "requires proof of an additional fact which the other does not." Here, Rivera neither fully developed his claim nor presented evidence to show his charges were in fact for the same offense.

### C. Evidentiary Hearing

Rivera has requested an evidentiary hearing. Docket No. 1-1 at p. 24. But evidentiary hearings in § 2255 cases are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. See Moreno-Morales v. United States, 334 F.3d 140 (1st Cir. 2003). A hearing "is not necessary when a § 2255 petition is inadequate on its face, or although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

In Rivera's case, even if the court deemed his petition as facially adequate, the fact of the matter is that the record belies his allegations. Having ruled that the Rivera's ineffective assistance of counsel claims lack merit, the court finds that a hearing is not warranted. Accordingly, Rivera's request is **DENIED.**

### IV. Conclusion

Based on the above, the court finds that petitioner's request for habeas relief under 28 U.S.C. § 2255 (Docket No. 1) is **DENIED AND DISMISSED WITH PREJUDICE.**

### V. Certificate of Appealability

It is further ordered that no certificate of appealability should be issued in the event that the petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, April 30, 2018.

*S/ GUSTAVO A. GELPÍ*
**GUSTAVO A. GELPÍ**[*]
**UNITED STATES DISTRICT JUDGE**

---

[*] Due to Judge Juan M. Pérez-Giménez's unavailability, the undersigned has agreed to attend the pending § 2255 motions, which can be readily resolved by virtue of the criminal case record.